# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EMMANUEL FLORES BARBOZA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No.: 2:22-cv-02615-JLS-E<br><br>**HONORABLE CHARLES F. EICK** |

## AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Emmanuel Flores Barboza ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. **Definitions.** As used in this protective order:
    (a) "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;
    (b) "Confidential" means a document reasonably designated as confidential under this protective order;
    (c) "Confidential—Attorneys' Eyes Only" means a party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action. When this occurs, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only";
    (d) "destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file;
    (e) "document" means information disclosed or produced in discovery, including at a deposition;
    (f) "notice" or "notify" means written notice, including email;
    (g) "party" means a party to this action; and
    (h) "protected document" means a document protected by a privilege or the work- product doctrine.

2. **Designating a Document or Deposition as Confidential or Confidential Attorneys' Eyes Only.**
    (a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "Confidential," as defined by this order.
    (b) No party shall designate any document or portion of any document as Confidential that he/she has not carefully reviewed;
    (c) A party or non-party filing, disclosing, or producing a document ("Producing Party") may designate it as Confidential if the party or non-party reasonably contends that it contains Confidential or proprietary information.
    (d) A party or non-party may designate a document as Confidential by conspicuously marking each page with the word "Confidential." Deposition testimony may be designated as Confidential:
        (1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

    (e)    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

    (f)    If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

3. **Who May Receive a Confidential Document.**

    (a)    "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential"" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

    (b)    Any document or pleading given "Confidential" treatment under this Order may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

        (1)    the court and its staff;

        (2)    counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a party to this action;

        (5)    a court reporter or videographer retained in connection with this action;

        (6)    any juror or alternative juror;

        (7)    Experts specifically retained as expert witnesses or consultants in connection with this action;

        (8)    fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information and who have reviewed and signed the "Declaration of Compliance" (Exhibit A);

        (9)    professional jury, trial consultants, mock jurors, and professional vendors, who have reviewed and signed the "Declaration of Compliance" (Exhibit A);

        (10)    present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees

                shall be shown documents prepared after the date of his or her departure).

   (c)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Who May Receive a "Confidential—Attorneys' Eyes Only Document"**

   (a)    "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

   (b)    Any document or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

        (1)    a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (2)    experts specifically retained as consultants or expert witnesses in connection with this litigation who have reviewed and signed the "Declaration of Compliance" (Exhibit A);

        (3)    the Court and its personnel;

        (4)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have reviewed and signed the "Declaration of Compliance" (Exhibit A); and

        (5)    the author of the document or the original source of the information;

        (6)    Plaintiff.

5. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 3(b)(7) or 4(a)(2) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

6. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

7. **Use of a Confidential Document in Court.**

(a) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

(b) Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

(c) This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designations, shall constitute evidence with respect to any issues in this action.

6. **Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A Confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A Confidential document produced by a non-party remains Confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made. If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as Confidential. That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d) If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

7. **Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:
  (1) return all documents, transcripts, or other materials afforded the confidentiality treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.
(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers.

8. **Inadvertent Disclosure or Production to a Party of a Protected Document.**
  (a) Notice.
    (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.
    (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or Producing Party or non-party.
  (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

9. **Security Precautions and Data Breaches.**
  (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.
  (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or Producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Dated:   10/25/2022              /s/ Charles F. Eick
                                 HONORABLE CHARLES F. EICK
                                 UNITED STATES MAGISTRATE JUDGE

AGREED TO:

/s/ *Youssef H. Hammoud, esq.*
Youssef H. Hammoud, esq.
Hammoud Law, PC
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorney for Plaintiff*
Emmanuel Flores Barboza


/s/ *Danielle V. Luchetta*
Cheryl L. O'Connor (State Bar No. 173897)
coconnor@jonesday.com
Danielle V. Luchetta (State Bar No. 341346)
dluchetta@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

*Attorneys for Defendant*
Experian Information Solutions, Inc.

# EXHIBIT A

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

EMMANUEL FLORES BARBOZA,

                Plaintiff,

        v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant.

Civil Action No.: 2:22-cv-02615-JLS-E

**HONORABLE CHARLES F. EICK**

### DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON